# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

MAUREEN WALTON

vs.

ELECTROLUX HOME PRODUCTS INC

NO. 2014-18031

### NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2014-18031-0 Docketed at Montgomery County Prothonotary on 06/18/2014 2:38 PM, Fee = $258.00

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

MAUREEN WALTON

vs.

ELECTROLUX HOME PRODUCTS INC

NO. 2014-18031

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

| | |
|---|---|
| Name of Plaintiff/Appellant's Attorney: | MAUREEN WALTON, Pro Se |
| | Self-Represented (Pro Se) Litigant [ ] |

**Class Action Suit** [ ] Yes [X] No

**MDJ Appeal** [ ] Yes [X] No    **Money Damages Requested** [X]

**Commencement of Action:**    **Amount in Controversy:**

Complaint    More than $50,000

## Case Type and Code

Tort: _____

       Product Liability

Other: _____

Case# 2014-18031-0 Docketed at Montgomery County Prothonotary on 06/18/2014 2:38 PM, Fee = $258.00

Case# 2014-18031-0 Docketed at Montgomery County Prothonotary on 06/18/2014 2:38 PM, Fee = $258.00

LAW OFFICES OF STEVEN L. SMITH, P.C.
By: STEVEN L. SMITH, ESQUIRE
Identification No. 44532
404 Harvard Avenue
Swarthmore, PA 19081
(610) 543-2700

ATTORNEY FOR
PLAINTIFFS

---

MAUREEN AND CHRISTOPHER : IN THE COURT OF
WALTON, husband and wife, : COMMON PLEAS OF
428 Krewson Terrace : MONTGOMERY COUNTY
Willow Grove, Pennsylvania 19090,
:
Plaintiff,
:
: NO.
ELECTROLUX HOME PRODUCTS, INC. :
10200 David Taylor Drive :
Charlotte, North Carolina 28262,
:
Defendant. : JURY TRIAL DEMANDED

## COMPLAINT

1. Plaintiffs, Maureen and Christopher Walton, husband and wife, are adult individuals who at all times material hereto owned and resided in the home at 428 Krewson Terrace, Willow Grove, Pennsylvania 19090.

2. Upon information and belief, defendant Electrolux Home Products, Inc. (hereinafter referred to as "Electrolux"), is a Delaware corporation with its principal place of business located at 10200 David Taylor Drive, Charlotte, North Carolina 28262, which at all times material hereto regularly and systematically conducted its business of designing, engineering, assembling, manufacturing, testing, marketing, distributing, selling, servicing and repairing clothes drying machines in and about this judicial district.

3. At all times material hereto, defendant acted by and through its employees, agents, servants and workmen, each of whom was acting within the scope of

his or her authority, subject to the control and direction, and for the benefit of his or her employer, the defendant herein.

4. At all times material hereto, plaintiffs Maureen and Christopher Walton owned the real property and improvements thereon, and the personal property therein located at 428 Krewson Terrace, Willow Grove, Pennsylvania 19090 (hereinafter referred to as "the premises").

5. At all times material hereto, Electrolux designed, engineered, assembled, manufactured, tested, marketed, distributed, sold, serviced and repaired clothes drying machines in and about this judicial district.

6. In or about 2003, the Waltons purchased a clothes drying machine manufactured by Electrolux (hereinafter referred to as "the dryer") and at all times material hereto used it for its intended purpose.

7. On December 13, 2012, plaintiffs suffered destruction and damage of and to the premises and personal property therein located at 428 Krewson Terrace, Willow Grove, Pennsylvania 19090, and the loss of use thereof, as a result of a fire caused by a malfunction and/or failure of the dryer.

8. The dryer was defective when manufactured, distributed, sold, delivered, transported, set up, installed, inspected, maintained, serviced and/or repaired by defendant Electrolux, and was unsafe for its intended purpose in that it could and did cause a fire, and it was not accompanied by adequate warnings and/or instructions regarding its use, its useful safe life and/or its propensity to cause damage in the way described above.

Case# 2014-18031-0 Docketed at Montgomery County Prothonotary on 06/18/2014 2:38 PM, Fee = $258.00

9. The dryer reached plaintiff without substantial changes in its condition and was not altered or modified in any way that would adversely affect its operation or condition, or anything else relating to it.

## COUNT ONE
## NEGLIGENCE

10. Plaintiffs hereby incorporate by reference each and every allegation set forth above as though fully set forth at length herein.

11. The aforesaid fire was the direct and proximate result of the negligence, carelessness and recklessness of defendant, including but not limited to:

a) designing, specifying, engineering, manufacturing, assembling, inspecting, testing, distributing, selling, transporting, delivering, installing, setting up, servicing, maintaining and/or repairing the dryer in such a way as to cause and/or fail to prevent the aforesaid fire;

b) designing, specifying, engineering, manufacturing, assembling, inspecting, testing, distributing, selling, transporting, delivering, installing, setting up, servicing, maintaining and/or repairing the dryer in such a way as to cause and/or fail to prevent the aforesaid malfunction or failure;

c) designing, specifying, engineering, manufacturing, assembling, inspecting, testing, distributing, selling, transporting, delivering, installing, setting up, servicing, maintaining and/or repairing the dryer in such a way as to allow and/or fail to prevent lint from traveling to and accumulating in unintended, unseen and unsafe areas within the dryer cabinet where they can be ignited under normal, known and foreseeable operating conditions;

Case# 2014-18031-0 Docketed at Montgomery County Prothonotary on 06/18/2014 2:38 PM, Fee = $258.00

3

d) failing to include and/or incorporate into the dryer such features or devices capable of detecting and interrupting a failure in the dryer and/or preventing a failure from leading to a fire;

e) failing to ensure that the dryer was equipped with appropriate overcurrent, overtemperature and/or overvoltage devices capable of preventing failures or malfunctions from occurring, starting or leading to fires;

f) failing properly to install, set up, assemble, connect or build the dryer so as to ensure proper functioning;

g) failing to ensure that the dryer complied with all applicable federal, state and local codes, regulations and statutes and with the standard of care in the industry;

h) failing to warn, and/or continuing to fail to warn plaintiffs of the hazards, dangers and risks arising from use of the dryer;

i) allowing the aforesaid dangerous and defective condition of the dryer to continue and remain up to and including the date of the aforesaid fire;

j) failing to discover defects in the dryer before placing it into the stream of commerce;

k) placing the dryer into the marketplace, thereby representing that it could be used safely for the purpose for which it was intended and for which it was specifically sold;

l) placing the dryer into the marketplace, when it knew or should have known that the design and/or manufacture of the dryer was defective and dangerous because of the risk of fire; and

Case# 2014-18031-0 Docketed at Montgomery County Prothonotary on 06/18/2014 2:38 PM, Fee = $258.00

4

Case# 2014-18031-0 Docketed at Montgomery County Prothonotary on 06/18/2014 2:38 PM, Fee = $258.00

m)   inducing or attempting to induce reliance on the part of the public, including plaintiff's subrogors, on the safety and reliability of the dryer.

12.   The aforesaid acts and omissions of Electrolux proximately caused and/or increased the risk of the fire that occurred on December 13, 2012, for which defendant is liable to plaintiffs.

WHEREFORE, plaintiffs Maureen and Christopher Walton demand judgment in their favor and against defendant Electrolux Home Products, Inc. in an amount in excess of $100,000.00, together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem just and proper.

## COUNT TWO
## STRICT LIABILITY

13.   Plaintiffs incorporate herein by reference each and every allegation set forth above as though fully set forth at length herein.

14.   Defendant expected the dryer to reach the ultimate user without substantial change in the condition it was in when it was sold.

15.   At the time of the aforesaid fire, the dryer was in substantially the same condition as it was at the time Electrolux placed it into the stream of commerce.

16.   Defendant Electrolux is strictly liable in tort for all damages caused by the defective design, specification, manufacture, assembly, inspection, testing, warning, distribution, sale, installation, set up, inspection, servicing, maintenance and/or repair of the dryer.

17.   The defective and dangerous condition of the dryer described above was the proximate and direct cause of plaintiffs' damages as aforesaid.

Case# 2014-18031-0 Docketed at Montgomery County Prothonotary on 06/18/2014 2:38 PM, Fee = $258.00

WHEREFORE, plaintiffs Maureen and Christopher Walton demand judgment in their favor and against defendant Electrolux Home Products, Inc. in an amount in excess of $100,000.00, together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem just and proper.

## COUNT THREE
## BREACH OF WARRANTY

18. Plaintiffs incorporate herein by reference each and every allegation set forth above as though fully set forth at length herein.

19. The dryer was designed, specified, manufactured, assembled, inspected, tested, distributed, sold, delivered, transported, set up, maintained, serviced and/or repaired by the defendant Electrolux in breach of express warranties, and in breach of the implied warranty of merchantability and fitness for purpose, as the said product was not:

    a) merchantable or fit for the ordinary purposes for which it was intended;

    b) adequately labeled with appropriate warnings; and

    c) in conformity with the promises or statements made in the operational manual, instructional manual, labeling, advertising, or elsewhere.

20. Defendant's aforesaid breaches of express and implied warranties, of which they were given timely notice, proximately caused plaintiffs' aforesaid damages.

WHEREFORE, plaintiffs Maureen and Christopher Walton demand judgment in their favor and against defendant Electrolux Home Products, Inc. in an amount in excess of $100,000.00, together with pre- and post-judgment interest, costs, attorneys' fees and

such other relief as this Court may deem just and proper.

                                         LAW OFFICES OF STEVEN L. SMITH, P.C.

                                   BY: _____
                                        STEVEN L. SMITH, ESQUIRE
                                        Attorney for Plaintiffs

Case# 2014-18031-0 Docketed at Montgomery County Prothonotary on 06/18/2014 2:38 PM, Fee = $258.00

Case# 2014-18031-0 Docketed at Montgomery County Prothonotary on 06/18/2014 2:38 PM, Fee = $258.00

LAW OFFICES OF STEVEN L. SMITH, P.C.
By: STEVEN L. SMITH, ESQUIRE
Identification No. 44532
404 Harvard Avenue
Swarthmore, PA 19081
(610) 543-2700

ATTORNEY FOR
PLAINTIFFS

---

MAUREEN AND CHRISTOPHER
WALTON, husband and wife,
428 Krewson Terrace
Willow Grove, Pennsylvania 19090,

  Plaintiff,

   v.

ELECTROLUX HOME PRODUCTS, INC.
10200 David Taylor Drive
Charlotte, North Carolina 28262,

  Defendant.

IN THE COURT OF
COMMON PLEAS OF
MONTGOMERY COUNTY

NO.

**JURY TRIAL DEMANDED**

## VERIFICATION

I, MAUREEN WALTON, hereby verify that the facts set forth in the foregoing CIVIL ACTION COMPLAINT are true and correct to the best of my knowledge, information and belief, and that I understand that the factual averments therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: June 17, 2014

_____
MAUREEN WALTON

Law Offices of Steven L. Smith
404 HARVARD AVE
SWARTHMORE, PA 19081

**RETURN RECEIPT REQUESTED**

ELECTROLUX HOME
PRODUCTS, INC.
10200 David Taylor Drive
Charlotte, North Carolina 28262

FROM:
CARR: USPS
TRK#: 70090820000112624640
RCVD: 06/23/2014  13:14

TO: SMITHSON, LISA
PH:
MSC: TK0 438
PCS: 1

FLR:
SMITHSON, LISA   MSC: TK0 438